Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001367
29-JAN-2016
08:15 AM

NO. CAAP-14-0001367

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAVID JEMWAI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0241)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant David Jemwai (Jemwai) appeals from the November 18, 2014 Judgment and the May 15, 2015 Amended Judgment entered in the Circuit Court of the First Circuit (Circuit Court),[1] convicting him of Assault in the First Degree, a violation of Hawaii Revised Statutes (HRS) § 707-710 (2014).[2]

On appeal, Jemwai argues that the jury instruction regarding accomplice liability was prejudicially insufficient, erroneous, inconsistent, or misleading.

After a careful review of the issue raised and the arguments made by the parties, the record on appeal, and the relevant legal authority, we resolve Jemwai's point on appeal as follows and affirm.

----

[1]     The Honorable Randal K.O. Lee presided.

[2]     Both the Judgment entered November 18, 2014 and the Amended Judgment entered on May 15, 2015 have Jemwai convicted and found guilty of Assault in the First Degree (§ 710-710, H.R.S.). The statute for Assault in the First Degree is HRS § 707-710.

Jemwai argues, not that the Circuit Court's accomplice liability instruction was an incorrect statement of the law, but that it lacked the concepts contained in HRS §§ 702-223, -224, and -226. Instructions are reviewed *de novo*, to determine "whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Gonsalves, 108 Hawai'i 289, 292-93, 119 P.3d 597, 600-01 (2005) (citation and internal quotation marks omitted), overruled on other grounds by State v. Auld, 136 Hawai'i 244, 361 P.3d 471 (2015).

1.   Proposed Jury Instruction 6A

Jemwai argues that under HRS § 702-223 (2014), jurors needed to be instructed that to be held liable for the offense as an accomplice, it must find that Jemwai intended or promoted the result of the offense.[3] Jury instructions need not "parrot the language of the statute, but should also adequately apprise the jury, in easily understandable language, the law to be applied in its deliberation." State v. Kaiama, 81 Hawai'i 15, 27, 911 P.2d 735, 747 (1996) (citation and internal quotation marks omitted). The second paragraph of the given instruction[4] tracked the exact

---

[3]   Jemwai's proposed jury instruction 6A stated:

> When causing a particular result is an element of an offense, an accomplice in the conduct causing the result is an accomplice in the commission of that offense, if the accomplice acts, with respect to that result, with the state of mind that is sufficient for the commission of the offense.

[4]   The jury was instructed on accomplice liability as follows:

> A defendant charged with committing an offense may be guilty because he is an accomplice of another person in the commission of the offense. . . .
>
> A person is an accomplice of another in the commission of an offense if, with the intent to promote or facilitate the commission of the offense, he:
>
> a.   solicits the other person to commit it; or
>
> b.   aids or agrees or attempts to aid the other person in the planning or commission of the offense.
>
> Mere presence at the scene of an offense or knowledge that an offense is being committed, without more, does not
> (continued...)

language of HRS § 702-222 (2014) and thus was a correct statement of the intent required for accomplice liability.

The jury was instructed on the elements of Assault in the First Degree and the last paragraph of the given accomplice instruction stated, "if a person plans or participates in the commission of an offense with the intent to promote or facilitate the offense, he is an accomplice[.]" This adequately apprised the jury that Jemwai must have "intended or promoted the result of the offense," as Jemwai argued is required under HRS § 702-223. Thus "when read and considered as a whole," the instructions were not "prejudicially insufficient, erroneous, inconsistent or misleading." Id.

## 2. Proposed Jury Instruction 7

Jemwai argues that an instruction under HRS § 702-224 (2014) was needed to explain that if a person terminates his complicity prior to the commission of the offense, then the person is not an accomplice.[5] This instruction is not supported by the evidence presented in this case. A defendant is only entitled to an instruction on every defense or theory of defense having any support in the evidence. See State v. Hironaka, 99 Hawai'i 198, 204, 53 P.3d 806, 812 (2002) and HRS § 701-115(2) (2014) ("No defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented.").

Jemwai's defense was not that he did not participate in the assault, but that he did not participate to the extent of his alleged accomplices. Jemwai testified that he pushed the complaining witness, who fell back on his bike, and then kicked

---

[4] (...continued)
make a person an accomplice to the offense. However, if a person plans or participates in the commission of an offense with the intent to promote or facilitate the offense, he is an accomplice to the commission of the offense.

[5] Jemwai's proposed jury instruction 7 stated:

A person is not an accomplice in an offense committed by another person if he terminates his complicity prior to the commission of the offense and wholly deprives his complicity of effectiveness in the commission of the offense; or otherwise makes reasonable effort to prevent commission of the offense.

the complaining witness's face before Jemwai left the scene. There was no evidence presented that Jemwai "terminate[d] his complicity prior to the commission of the offense and . . . [w]holly deprive[d] his complicity of effectiveness in the commission of the offense[.]" HRS § 702-224 (emphasis added). Therefore, there was no evidence to support an instruction along the lines of Jemwai's proposed jury instruction 7.

**3. Proposed Jury Instruction 8**

Jemwai argues that HRS § 702-226 (2014) requires the fact finder to determine a person's individual culpability based on that person's state of mind and accountability.[6] As jury instructions are to be considered as a whole, see Gonsalves, 108 Hawai'i at 292-93, 119 P.3d at 600-01, the instructions sufficiently instructed the jury about the individual state of mind required to convict Jemwai.

The accomplice liability instruction began, "a defendant charged with committing an offense may be guilty because he is an accomplice of another person in the commission of the offense." The jury was also instructed that it was to consider the lesser included offense of Assault in the First Degree, which is the offense for which Jemwai was ultimately convicted. That instruction stated, "[a] person commits the offense of Assault in the First Degree if he intentionally or knowingly causes serious bodily injury to another person," and intentionally and knowingly were further defined. Thus, the jury was adequately instructed on the intent required for the assault conviction as an individual or an accomplice

We therefore affirm the Circuit Court's determination that Jemwai committed the offense of Assault in the First Degree in Count I. However, because the Judgments have cited to the

---

[6] Jemwai's proposed jury instruction 8 stated:

When two or more persons are liable for an offense which is divided into degrees, each person is guilty of the degree of the offense which is consistent with the person's own state of mind and with the person's own accountability for an aggravating fact or circumstance.

incorrect statute, we vacate these Judgments and remand to the Circuit Court for entry of a Judgment citing the correct statute.

DATED:  Honolulu, Hawaiʻi, January 29, 2016.

On the briefs:


Keith S. Shigetomi,
for Defendant-Appellant.

Presiding Judge

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge